IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TATSIANA HUPALA, d/b/a/ "ADAM`S OFFER," an individual, **Plaintiff,** v. TIANHAI Central Air Conditioning Co., Ltd SALLY BEARD an individual AMAZON.COM, INC, and DOES 1- 4, **Defendants.** | Civil Action: |

Comes Now **TATSIANA HUPALA** (Proceeding *Pro se,* hereafter Plaintiff) who files this verified Complaint for Trademark Infringement, Declaratory and Injunctive Relief against Defendants; TIANHAI Central Air Conditioning Co., Ltd , (hereafter "Defendant TIANHAI", or "TIANHAI") SALLY BEARD ( hereafter defendant SALLY BEARD ), and AMAZON.COM, INC (Defendant Amazon Inc, or Defendant Amazon) and states as follows

### JURISDICTIONAL ALLEGATIONS

1. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* ■§§ 1331 and 1338(a) and (b), by virtue of 15 *U.S.C.* §1051 *et seq.,* in that the case arises out of §43(a) of the *Lanham Act* for trademark infringement, and supplemental jurisdiction under 28 *U.S.C.* §§ 1367(a) and 1338 00(b)

2. Venue is proper, *inter alia,* under 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. Personal jurisdiction exists over Defendants because on information and belief,

Defendants conduct business in Washington State and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of United State, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## PARTIES

4.   Plaintiff TATSIANA HUPALA, (hereinafter "Plaintiff") is now, and was at the time of the filing of this Complaint and at all intervening times, has a registered trademark in the USA as **"ADAM`S OFFER"**, duly authorized and licensed to conduct business in Amazon Washington USA. Plaintiff is a Citizen of Belarus with address at Bulvarnaya street, h.41, Pinsk, Brest region, Belarus. Post index is 225710

5.   Plaintiff is informed and believes that Defendants TIANHAI and SALLY BEARD are individuals now, and were at the time of filing this Complaint and at all intervening times, conduct business in Amazon Washington USA. Defendants TIANHAI and SALLY BEARD also have office address at Building 2, Shuangyang Global Plaza, Longqiao Street, Putian City, Chengxiang District, Fujian Province, China. Post index is 351100

6.   Defendant SALLY BEARD is a business partner to Defendants TIANHAI.

7.   Defendant Amazon.com, Inc. ("Amazon") is a C Corporation with its principal place of business located at 410 Terry Avenue, North, Seattle, Washington 98109.

8.   The true names and capacities of the defendants named herein as DOES 1 through 4, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff is informed and believes, a thereon alleges, that each of the defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the

true names and capacities of said DOE defendants have been ascertained. TIANHAI, SALLY BEARD, AMAZON.COM, INC, and DOES 1 through 4 are hereinafter collectively referred to as "Defendants".

9. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

## STATEMENT OF FACTS

10. Plaintiff is a Merchant of unique *abs stimulator* sport products in Amazon since January 2020 with Amazon Standard Identification Numbers (ASINs) **B07NVKVFWB.**

11. Amazon operates an online marketplace for consumers – amazon.com – that includes listings for Plaintiff's products, as that term is defined at Section 3(a)(5) of the CPSA, 15 U.S.C. § 2052(a)(5). Through amazon.com, Amazon offers an e-commerce marketplace in which Amazon and Plaintiff can connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels.

12. Merchants including Plaintiff entered into a business arrangement with Amazon to participate in Amazon's consumer marketplace, which includes a Business Services Agreement and, for Amazon's FBA program, FBA policies and requirements. Merchants including Plaintiff's Products offered for sale on amazon.com appear on webpages known as product listings (Listing) and are identified by Amazon Standard Identification Numbers, (ASINs), assigned by Amazon.

13. When Listing, every Amazon Merchant has a single Product detail page, a product detail page is where a customer discovers a unique product sold on Amazon. It can include one or more offers from sellers or from Amazon. This page is a shared space that displays attributes that are common to all offers for the product, such as the following: Title, Image, Bullet points,

Description, Product variations (such as size or color) and Customer reviews.

14. Plaintiff registered his official brand on Amazon with the Brand Registry and trademarked "ADAM`S OFFER" in July 2020 with the United States Patent and Trademark Office as **"ADAM`S OFFER"** to protect his Brand which include the Listing, Product detail page offered for sale on amazon.com and all content therein.

15. Plaintiff Tatsiana Hupalo owns enforceable IP rights in his Amazon listing and product detail page such as the Title, Image, Bullet points, Description, Product variations (such as size or color) and Customer reviews and are protected by registered trademark known as ADAM'S OFFER, valid number 6276110. A copy of screen shot of the Amazon page indicating the brand listing and the certificate of registration are attached as **exhibit A and B** respectively.

16. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights in the Amazon Listing, product detail page, and its contents under the Lanham Act, (amended in 1996) 15 U.S.C. §§ 1051, et seq and the Copyright Act of 1976 17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display on his **ABS STIMULATOR** and registered brand name **ADAM`S OFFER**, listed on **"Exhibit C"** attached hereto, which is the subject of this action throughout the United States.

17. Plaintiff is an entrepreneur who has used the experience, talent, and creativity to developed over the years of hard work as a seller of **ABS STIMULATOR** to develop his own brand, **ADAM`S OFFER** and subsequently listed in Amazon.

18. Plaintiff has a brand name on his abs stimulator and the package. Plaintiff uses a UPC barcode on his box. Then plaintiff asked the Amazon technical team and provided all necessary documents to put this listing under his official brand with ID 7382854071. Plaintiff became the brand owner on this listing. Plaintiff has already been selling his abs stimulator for more than

three years on Amazon. Plaintiff offers high-quality sports products

19. Due to Plaintiff's extensive use of the Mark in the listing, Plaintiff has built up significant goodwill therein and its line has been praised and recognized by numerous customers to leave positive reviews about his abs stimulator on Amazon and social media platforms. Plaintiff's listing has become extraordinarily successful, and typically receives 300,000-500,000-page views a month. Plaintiff has succeeded because of his innovative ideas, creativity, and unique offerings.

20. In early October 2020 the Defendants Tianhai and SALLY BEARD hijacked Plaintiff's Amazon Listing and Product Page Details (PPD) and its contents through hacking into the Amazon system, and REMOVED Plaintiff's Listing, genuine brand, and Product Detail pages including branded images, bullet points, A+ Content , videos, and plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom. Defendant Tianhai and his partner unlawfully changed Plaintiff's branded information from the Plaintiff's Amazon product detail page and insert their information. Plaintiff's information disappeared from the product detail page. Plaintiff never received any warning notice from the Amazon team since the removal was down surreptitiously without the consent of Amazon's team. Defendant Tianhai's conduct is also an infringement of Amazon terms and Policy regarding Intellectual Property Rights.

21. Plaintiff avers that in or about October 2020, the Hackers Tianhai registered their trademark *bon-su* after successfully removing Plaintiff's branded information on the listing.

22. Defendant Tianhai and his partner listing infringes the rights of Plaintiff's trademarked products protected under the Lanham Act, (amended in 1996) 15 U.S.C. §§ 1051, et seq and the Copyright Act of 1976 17 U.S.C. §§ 101 et. seq., and all amendments thereto).

23. Defendants Tianhai and SALLY BEARD operate an Amazon storefront which markets

and retails, counterfeit products utilizing Plaintiff's listing on Amazon.

24. Defendants Tianhai and SALLY BEARD have intentionally and knowingly confused consumers by advertising their product in Plaintiff's amazon listing.

25. On October 2020, Plaintiff wrote a cease and decease letter Defendant Tianhai asking for reinstatement of his Listing and on other numerous occasions but no avail.

26. Plaintiff complaint also to Defendant Amazon requesting that Plaintiff's listing be reinstated since Plaintiff was the first seller to have listed his product. Notices of intellectual property infringement have been submitted through Brand Registry or Amazon online notice of infringement form with case ID about it 7382854071 but all were no avail and Defendant Amazon failed reinstate Plaintiff's Listing.

27. Plaintiff avers that at that time, the defendants TIANHAI and SALLY BEARD removed Plaintiff's Listing, neither did they have any brand, nor any IP rights.

28. Upon information and belief, Defendants' use of Plaintiff s listing through the listing and/or sale of inferior quality was willful, having been adopted with knowledge of Plaintiff s prior rights in and to the listing, with the intent to trade on and benefit from the goodwill established by Plaintiff in its Mark

29. In an ongoing investigation of counterfeit sales in Plaintiff's Amazon listing, Plaintiff purchased counterfeit product from Defendant TIANHAI (order ID 111-6043611-7873828), and confirm it is not authentic because defendant's stimulator is generic and Plaintiff had the brand name on his abs stimulator. A true and correct copy of the purchase receipt is attached hereto as **Exhibit "D."**

30. Defendant TIANHAI violated the IP rights of Plaintiff. Plaintiff noticed that defendant TIANHAI changed/updated the brand as many times as necessary. Defendant TIANHAI uses the PROHIBITED program that doesn`t allow to give the buy-box to the other seller. Plaintiff

had very few sales. Defendant TIANHAI and Plaintiff sell DIFFERENT PRODUCTS on one listing belonging to Plaintiff which is not allowed per Amazon rules. A copy of the photos from these products are attached as **exhibit E**

31. Plaintiff registered his BRAND listing in July 2020 and Defendant TIANHAI registered on October 2020.

32. Plaintiff has never authorized any of the Defendants, by license or otherwise, to copy, reproduce, distribute, or display any of the infringed material from the Amazon listing nor to prepare derivative works based on the Amazon listing.

33. Each infringing, including the removal of plaintiff's genuine brand, branded images, bullet points, A+ Content, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act and Lanham Act. Plaintiff has sustained, and will continue to sustain, substantial damage to the value of his copyrights in that the previously described activities of Defendants have diminished and will continue to diminish the revenues that Plaintiff would otherwise receive. In addition, Defendants TIANHAI and his partner have realized unlawful and unjust profits from their unauthorized and illegal listing.

34. Defendant Amazon INC refused to reinstate Plaintiff's listing, and Defendant TIANHAI continue to infringe the Intellectual Property Right listed, and unless temporarily, preliminarily and permanently enjoined by Order of this Court, will continue to infringe said copyrights and trademark, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

35. As a direct result of the conduct of Defendants, Plaintiff has suffered and continues to suffer damages in an amount to be determined. Plaintiff was unable to realize profit from her

work preparing the video, as attention for her work was overshadowed by the unauthorized copying of Defendants and use of their overwhelming corporate presence to take away from Plaintiff's own efforts.

36. Defendants have committed all of the aforesaid acts deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's proprietary rights.

37. Defendant Amazon has failed to take any action reinstating Plaintiff's listing illegally removed by Defendant TIANHAI. Plaintiff avers that there are two different products on one listing: The Defendant TIANHAI counterfeited and unbranded products, and Plaintiff's Branded Products.

38. The Amazon policies ensure each Product Detail Pages (PDP) should cover a single unique item. According to Amazon policies for editing product detail pages: a merchant must not use an existing listing for another version of a product. The actual Defendant TIANHAI abs stimulator DOES NOT MATCH the product on plaintiff's PDP.

39. There is a brand name on the Defendant TIANHAI abs' stimulator on the main images of the listing, but the abs stimulator doesn't have any brand name. There is no brand name on the Defendant's package, and there is no OUR UPC barcode on it. Defendant TIANHAI product doesn't match Plaintiff's LISTING, and it differs very much from Plaintiff's branded product. The abs stimulator of Defendant Tianhai is different from Plaintiff's branded product. The Defendant TIANHAI's stimulator has a small black controller of an oval form and Plaintiff's branded abs stimulator has the controller of pentagon form. There is no LCD display, no USB charger in the Chinese abs stimulator. And Plaintiff's abs stimulator has a controller with an LCD Display, indicator light, three buttons, and Plaintiff's controller has a USB port to charge. Defendant Tianhai abs stimulator needs extra AA batteries to operate and Plaintiff's branded abs stimulator doesn't need extra AA batteries.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement Against Defendants TIANHAI and SALLY BEARD and Does 1-4, Inclusive) [15 U.S.C. § 1114/Lanham Act §43(a)]

40. Plaintiff repeats and re-allege every allegation set forth in Paragraphs 1-38.

41. Defendants are actually aware that Plaintiff is the registered trademark holder of the Amazon Listing, product detail page, and its contents under the Lanham Act, (amended in 1996) 15 U.S.C. §§ 1051, et seq and the Copyright Act of 1976 17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display on his **ABS STIMULATOR** and registered brand name **ADAM`S OFFER**, throughout the United States.

42. Further, Plaintiff registrations on the Amazon Listing, and product detail page gives constructive notice of Plaintiff s ownership rights. Defendant(s) did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and Mark to commercially distribute and market counterfeited **ABS STIMULATOR** bearing the Plaintiff's Amazon Listing, and product detail page into the stream of commerce.

43. Defendant(s) intentionally and knowingly used in commerce the counterfeit, copy, and/ or colorable imitation of Plaintiff s registered Amazon Listing and Product Page Details in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit **ABS STIMULATOR** on Plaintiff's Amazon Listing.

44. Defendants 'egregious and intentional use and sale of fake, pirated and counterfeit items on Plaintiff's branded Listing in Amazon bearing Plaintiff's trademark is likely to cause

confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believes that the Listing are authentic.

45. Defendants continued infringement of Plaintiff's intellectual Property in the Listing without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. In early October 2020, the Defendants Tianhai and SALLY BEARD hijacked Plaintiff's Amazon Listing, and Product Page Detail through hacking into the Amazon system, and REMOVED Plaintiff's Listing, genuine brand, and Product Detail pages including branded images, bullet points, A+ Content and plagiarizes copyrightable elements of Plaintiff's proprietary work, and is either a copy thereof or a derivative work prepared therefrom. Defendant Tianhai and his partner unlawfully changed Plaintiff's branded information from the Plaintiff's Amazon product detail page and insert their information. Plaintiff's information disappeared from the product detail page. Plaintiff never received any warning notice from the Amazon team since the removal was down surreptitiously without the consent of Amazon's team. Defendant Tianhai's conduct is also an infringement of Amazon terms and Policy regarding Intellectual Property Rights.

47. Plaintiff avers that in or about October 2020, the Hackers Tianhai registered their trademark *bon-su* after successfully removing Plaintiff's branded information on the listing.

48. By reason of the infringement described above, Plaintiff is entitled reinstatement of his Amazon listing and Product page Details and to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages.

49. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per infringed for Defendants' willful infringement, plus attorneys' fees

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendants TIANHAI and SALLY BEARD and Does 1-4, Inclusive) [15 U.S.C. § 1125(a)]**

50. Plaintiff repeats and re-allege the allegations in Paragraphs 1 -48.

51. Defendants' conduct described above violate the Lanham Act, have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs goodwill and reputation associated with the value of Plaintiff s Mark in the Amazon Listing.

52. Defendants have the legal obligation and responsibility not to hack, tempered and remove Plaintiff's Listing and Product Page Details utilizing a trademark so as not to confuse or deceive consumers as to the origin of its name and Mark. Had Defendants conducted a search they would have discovered Plaintiffs long-time use of its Amazon listing in commerce as well as its state trademark registrations:

53. Plaintiff Listing and the Product Page Details are distinctive in the states in which trademark registration was obtained by virtue of its substantial inherent and acquired distinctiveness, extensive use in each state in which registration was obtained, and the extensive advertising and publicity of the Mark. Defendants 'egregious and intentional use and sale of fake, copy on Plaintiff's Listing and successfully removed Plaintiff's listing.

54. Defendants' continual removal of Plaintiff's Listing and Product Page Details constitutes willful infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### THIRD CAUSE OF ACTION

### Specific Performance Against Amazon.com Inc

55. Plaintiff repeats and re-allege the allegations in Paragraphs 1 -53.

56. Plaintiff is a Merchant of unique *abs stimulator* sport products in Amazon since January 2020 with Amazon Standard Identification Numbers (ASINs) **B07NVKVFWB**.  Amazon operates an online marketplace for consumers – amazon.com – that includes listings for Plaintiff's products.  Through amazon.com, Amazon offers an e-commerce marketplace in which Amazon and Plaintiff can connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels.

57. Plaintiff entered into a business arrangement with Amazon to participate in Amazon's consumer marketplace, which includes a Business Services Agreement and, for Amazon's FBA program, FBA policies and requirements. Plaintiff's Products offered for sale on amazon.com appear on listings and Product Page Details and are identified by Amazon Standard Identification Numbers, (ASINs), assigned by Amazon. Plaintiff Listing and Product Page Details covered by registered trademark were unlawfully removed by Defendant **TIANHAI** and insert his product page details in violation of defendant Amazon terms and policy regarding Intellectual Property Rights but Defendant Amazon refuses to take any action to reinstate Plaintiff's listing despite several submission of Intellectual property infringement notice.

58. Plaintiff has a single Product detail page and the Amazon policies ensure each Product Detail Pages (PDP) should cover a single unique item. According to Amazon policies for editing product detail pages; a merchant must not use an existing listing for another version of a product.

59. Defendants' conduct described above violate the Lanham Act, have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff except specific performance is ordered against Defendant Amazon Inc to reinstate Plaintiff's Listing because other remedies will inadequately compensate plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

I. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from: (a) infringing, or contributing to or participating in the infringement by others the infringement in the Amazon listing or acting in concert with, aiding and abetting others to infringe Plaintiff's listing and Product Page Details in any way;

II. An Order of specific performance, against defendant Amazon.com Inc, directing them to reinstate Plaintiff's listing in its Amazon market place forthwith.

III. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114/Lanham Act §43(a);

IV. For damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

V. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. §1125(a);

VI.     For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C.

     § 1125(c)

I am the plaintiff to this action. The matters stated in the Complaint are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Respectfully submitted, this __09/29/2022__ day of _____ 2022

_____

TATSIANA HUPALA

(Plaintiff Pro se)

Bulvarnaya street,
h.41, Pinsk, Brest region,
Belarus.
 Post index is 225710
Email: adams-offer@mail.ru