UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATSIANA HUPALA, d/b/a "ADAM'S OFFER," an individual,<br><br>Plaintiff,<br><br>v.<br><br>TIANHAI Central Air Conditioning Co., Ltd, SALLY BEARD an individual, AMAZON.COM, INC., and DOES 1-4,<br><br>Defendants. | Case No. C22-1408 RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Tatsiana Hupala's Motion for Temporary Restraining Order ("TRO"). Dkt #17. Plaintiff moves for an order "directing Defendant AMAZON.COM, INC to restore the plaintiff's listing pending the determination of this case." *Id*. at 1. Defendant Amazon has filed a response brief. Reply briefs to TRO motions are not permitted without leave of the Court. LCR 65(b)(5).

Typically, for a TRO the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale"

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

Plaintiff filed this case seeking trademark infringement and declaratory relief against Defendants Tianhai Central Air Conditioning Co., Ltd. and Sally Beard, as well as an injunction and equitable relief against Amazon. Dkt. #1. Plaintiff, a citizen of Belarus, pleads she has a registered US trademark for Adam's Offer and sells "unique abs stimulator sport products" on Amazon.com.[1] Dkt. #1 at 3. She pleads she is the holder of the exclusive rights in the Amazon Listing for her product and is the "owner" of the listing. *Id.* at 4. Allegedly, in October 2020 the Defendants Tianhai and Sally Beard "hijacked" Plaintiff's Amazon Listing by hacking into Amazon's system. *Id*. at 5. These Defendants are allegedly selling counterfeit products under Plaintiff's Amazon Listing. That same month, Plaintiff pleads she wrote them a cease-and-desist letter. *Id*. at 6. She also communicated with Amazon, which refused to fix the problem. On November 4, 2022, Plaintiff discovered that her listing had become inactive and had been removed from the website. Dkt. #127 at 3. Plaintiff pleads that she "was unable to realize profit from her work preparing the video, as attention for her work was overshadowed by the unauthorized copying of Defendants and use of their overwhelming corporate presence to take away from Plaintiff's own efforts." *Id.* at 7–8.

As the Court understands it, while it is true that Plaintiff may be suffering damages from the current situation, those damages can be measured in dollars. Whether it is easy to

---

[1] The Complaint, drafted pro se, uses both male and female pronouns for Plaintiff. Given the spelling of Plaintiff's name, the Court will use female pronouns in this Order. The Court does not mean to offend Plaintiff in this choice and will correct the record if necessary.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

calculate the damages from a single spreadsheet, or requires expert testimony, such can be awarded to Plaintiff at the end of this case if she prevails. There is no basis to find that the damages in the Complaint are irreparable, as required for the Court to grant a TRO—or a preliminary injunction, for that matter. Plaintiff's attempts to argue emotional damages are unsupported and meritless. This alone is a proper basis to deny the Motion.

The Court is also persuaded by Amazon's arguments that "the same business agreement that Hupala relies upon – the BSA – provides for mandatory arbitration of the dispute between Hupala and Amazon in this context." Dkt. #31 at 6. While the Court will not decide that question today, it weighs against a likelihood of success on the merits. Amazon has moved in a separate Motion to stay this case on that basis. *See* Dkt. #24. A response from Plaintiff is due January 9, 2023.

Given all of the above, the Court finds that it need not examine the other factors for a TRO and will deny this Motion. Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Tatsiana Hupala's Motion for Temporary Restraining Order, Dkt #17, is DENIED.

DATED this 12th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3