UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATSIANA HUPALA, d/b/a "ADAM'S OFFER," an individual,<br><br>Plaintiff,<br><br>v.<br><br>TIANHAI Central Air Conditioning Co., Ltd, SALLY BEARD an individual, AMAZON.COM, INC., and DOES 1-4,<br><br>Defendants. | Case No. C22-1408-RSM<br><br>ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION |

This matter comes before the Court on Defendant Amazon's Motion to Stay and Compel Arbitration. Dkt #24. Amazon points to the mandatory arbitration clause in the "Business Services Agreement" or "BSA" cited by Plaintiff Hupala in the Complaint and introduced into the record by Amazon. *See* Dkt. #1 at 3; Dkt. #25-1. This clause states, in bold, that the parties "both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court," with three exceptions. Dkt. #25-1 at 11. Those three exceptions are (i) if either party elects to proceed in small claims

ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION - 1

court, (ii) for claims to enjoin infringement or other misuse of intellectual property rights, or (iii) Amazon may bring claims related to "your sale of counterfeit products…". *Id.*

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The law reflects an "emphatic federal policy in favor of arbitral dispute resolution," *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011). The FAA applies to this action both because the transactions at issue involve interstate and foreign commerce, and because the parties' agreement expressly provides for its application. The Court's role in deciding a motion to compel arbitration under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Plaintiff does not challenge the validity of the BSA, to the contrary Plaintiff seeks specific performance under it. The Court has reviewed the mandatory arbitration clause and finds it to be conspicuous and clear. The arbitration clause clearly encompasses the dispute between Plaintiff and Amazon and none of the exceptions apply to those claims brought against Amazon. Amazon's actions in defending this case, including opposing a TRO Motion, are not inconsistent with moving to compel arbitration. Accordingly, the Court will grant Amazon's requested relief, stay this case, and compel Plaintiff to arbitrate the claims against Amazon.

The Court finds that staying the entire case is warranted. It is likely that the resolution of Plaintiff's dispute with Amazon will have a significant impact on the claims against the remaining Defendants, none of which have appeared in this case.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Amazon's Motion to Stay and Compel Arbitration, Dkt #24, is GRANTED.

ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION - 2

This case is STAYED, and Plaintiff and Amazon are DIRECTED to arbitrate pursuant to the Business Solutions Agreement in effect between them. Plaintiff's Motion at Dkt. #12 is STRICKEN as MOOT. Plaintiff is free to re-file that Motion, if necessary, once the stay is lifted. The parties are DIRECTED to file a joint status report 90 days after the filing of this Order and every 90 days thereafter until the arbitration is resolved.

DATED this 3rd day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE