UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATSIANA HUPALA, d/b/a "ADAM'S OFFER," an individual,<br><br>Plaintiff,<br><br>v.<br><br>TIANHAI Central Air Conditioning Co., Ltd, SALLY BEARD an individual, AMAZON.COM, INC., and DOES 1-4,<br><br>Defendants. | Case No. C22-1408 RSM<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

This matter comes before the Court *sua sponte*. On January 3, 2023, the Court stayed this case and directed the parties to enter arbitration pursuant to the Business Solutions Agreement in effect between them. Dkt. #38. The parties were directed to file *joint* status reports every 90 days until the arbitration concluded. The Court has received several status reports in the last year. Dkts. #39 through #42. Each report indicates that it was prepared by Amazon only, with no input from Plaintiff. Plaintiff has not initiated arbitration proceedings or corresponded with Amazon.

On January 2, 2024, the Court issued an Order for Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Dkt. #43. Plaintiff was given thirty days to respond and has failed to file a timely response or to otherwise communicate with the Court.

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE - 1

action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal). Rule 41(b) requires a plaintiff to prosecute their case with "reasonable diligence" if a plaintiff is to avoid dismissal. *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Where a court considers dismissal as a remedy for failure to prosecute, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The Court finds that Plaintiff has failed to comply with the Court's Orders by failing to initiate arbitration, failing to contribute to joint status reports, and failing to respond to the Order to Show Cause. She has otherwise failed to prosecute her case in the last year.

Considering all of the above and the entire record, the Court hereby finds and ORDERS that this case is DISMISSED without prejudice.

DATED this 2nd day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE - 2